UNITED STATES of America,
Plaintiff,

v.

Stephen Keith CANEPA, Defendant.

No. CR 70 126.

United States District Court,
N. D. California.

Nov. 25, 1970.

Asst. U. S. Atty. James H. Daffer, San Francisco, Cal., for plaintiff.

Ralph J. Steinberg, Berns & Steinberg, San Jose, Cal., for defendant.

OPINION AND ORDER GRANTING
MOTION FOR JUDGMENT
OF ACQUITTAL

PECKHAM, District Judge.

Defendant, Stephen Keith Canepa, is charged with violation of 50 U.S.C. App. § 462, refusal to submit to induction. The relevant facts are as follows: On October 30, 1967, an induction order was mailed to defendant by Monterey County Local Board No. 65, ordering him to report for induction on November 29, 1967. On November 28, 1967, the Board received a letter from the Registrar of Monterey Peninsula College verifying the defendant's status as a full-time student for the fall, 1967 semester. Defendant's induction was postponed and on December 4, 1967, the Board reclassified him I–S(c).

On September 30, 1968, the Board received from the Registrar SSS Form 109 (Student Certificate) verifying that Canepa was "satisfactorily pursuing a full-time course of instruction * * * in the second year class, which commenced in February 1968, and is expected to re-

ceive a degree on or about June, 1969." In the section reserved for remarks, the Registrar noted, "this student completed 45 units in his first two years. He is currently enrolled as a full-time student." On October 7, 1968, defendant was classified I–A.

Canepa then wrote to the Board on November 3, 1968, appealing his I–A classification. He stated, in part:

I am assuming that my denial for a II–S was based on the fact that this is my third year at Monterey Peninsula College. The reason for this is because after my first year there (1965–66) I was dropped from the school. * * * In short, I flunked out. In the interim since that time I have had sufficient time to reflect upon my status in this life and have discovered what use school can be to me. My grades last year and this year have shown this change. I am consistently in the "B" range. * * * I am * * * asking you to overlook my first year of school, which was a dismal failure, and instead look at my current status as a student. * * *

On December 2, 1968, the Board refused to reopen defendant's classification, and on March 21, 1969, it was affirmed by the Appeal Board. On March 28, 1969, the Board ordered the defendant to be inducted on April 17, 1969. Defendant reported for induction, but refused to submit.

Defendant may be found guilty of 50 U.S.C. App. § 462 only if he refused to submit to a valid induction order. His order to report for induction was invalid if, in the fall of 1968, defendant was lawfully entitled to a II–S student deferment classification. This depends on the proper construction of 32 C.F.R. § 1622.25.[1]

Section 6(h) (1) of the Military Selective Service Act of 1967 sets forth the factors required to be met to qualify for a student deferment. Essentially, it provides that the registrant must be "satisfactorily pursuing a full-time course of instruction * * *," not yet twenty-four years of age, and not yet the recipient of a baccalaureate degree. 32 C.F.R. § 1622.25 was promulgated to set standards for the determination by local boards of qualification for II–S classification. The case at bar turns on whether the percentages contained in Section 1622.25(c) are to be applied retroactively, or whether they are to be applied by considering only the student's progress after July 1, 1967.

This case presents a question of first impression; neither Section 6(h) (1) of the Act nor § 1622.25 of the Regulations makes any specific reference to the application of its standards to the student's

[1]. § 1622.25 Class II–S: Registrant deferred because of activity in study.

(a) In Class II–S shall be placed any registrant who has requested such deferment and who is satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning, such deferment to continue until such registrant completes the requirement for his baccalaureate degree, fails to pursue satisfactorily a full-time course of instruction, or attains the twenty-fourth anniversay of the date of his birth, whichever occurs first.

(b) In determining eligibility for deferment in Class II–S, a student's "academic year" shall include the 12-month period following the beginning of his course of study.

(c) A student shall be deemed to be "satisfactorily pursuing a full-time course of instruction" when, during his academic year, he has earned as a minimum, credits toward his degree which, when added to any credits earned during prior academic years, represent a proportion of the total number required to earn his degree at least equal to the proportion which the number of academic years completed bears to the normal number of years established by the school to obtain such degree. For example, a student pursuing a four-year course should have earned 25% of the credits required for his baccalaureate degree at the end of his first academic year, 50% at the end of his second academic year, and 75% at the end of his third academic year.

(d) It shall be the registrant's duty, to provide the local board each year with evidence that he is satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning.

status or progress prior to the enactment date of the Act on July 1, 1967. As there is no case authority on this matter, the Court must look to the legislative history of the Military Selective Service Act of 1967.

Prior to the 1967 Act, the draft law provided that student deferments were provided only according to presidential regulation and in practice such deferments were subject to the discretion of the local boards.[2] The committee reports and floor debates on the 1967 Act show that a primary purpose of the amendments was to eliminate this local option and to provide clear, uniform standards for undergraduate deferments.[3] Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653, 659 (1970).

The legislative history indicates that Congress desired to correct inconsistencies and abuses in the system which, for example, permitted one board to grant a student deferment to a registrant who was merely pursuing a part-time course of instruction while allowing another board to refuse the same deferment to a full-time student who was doing satisfactory academic work in an academic discipline looked upon with disfavor. The standards provided in the 1967 Act were designed to replace this local board discretion with uniform provisions which would guide the local boards and their registrants, and give them both a clear understanding of what constituted entitlement to a II–S student deferment classification.

To impose a retroactive application of the percentage standard set forth in 32 C.F.R. § 1622.25(c) would result in an outcome which was not intended by Congress and which would be harsh to both the local boards and the registrants. This is best exemplified by the hypo-

thetical situation of the student who is working his way through college, and who in the 1966–67 school year, with the permission of his local board, carries less than a full course load so that he can have sufficient time to earnestly fulfill his study requirements and work twenty or thirty hours a week as well. If this board were required to apply Section 1622.25 (c) retroactively, it would be compelled to deny this registrant a II–S classification because he would not have completed 25% of his course load in 1966–67, and thus would not have been "satisfactorily pursuing a full-time course of instruction" within the meaning of the Regulation.

■ This is patently unfair, and this Court will not forge such a construction of 32 C.F.R. § 1622.25 without a clear expression that Congress intended it to be so construed. Thus, considering the legislative history of the 1967 Act and the Congressional purpose evidenced in this history, it is the opinion of this Court that the Regulation should be applied prospectively, and that the percentages therein are to be applied from July 1, 1967 only.

■ This Court's opinion is shared by the National Director of the Selective Service System, who also interprets the Regulation to have prospective application. In Local Board Memorandum 43, reissued on July 26, 1968, it is stated that the "percentages contained in Section 1622.25(c) for the determination of 'satisfactorily pursuing a full-time course of instruction' are to be applied from 1 July 1967 only." 2 S.S.L.R. 2174–2174.1. The interpretation of the administrative agency which must administer a statute or regulation is entitled to great weight. Fleming v. Mohawk Wrecking & Lumber Co., 331 U.S. 111, 116, 67 S.Ct. 1129, 91

2. See Selective Service Act of 1948, § 6(h), 62 Stat. 604, 611–612, as amended. The regulations promulgated pursuant to this authority permitted student deferments in the discretion of the local boards with certain suggested guidelines. See 32 C.F.R. §§ 1622.25, 1622.25(a) (1967 ed.).

3. H.R.Rep.No.267, 90th Cong., 1st Sess., 25–26 (1967); Conf.Rep.No.346, 90th Cong., 1st Sess., reprinted in U.S.Code Cong. & Admin.News, 90th Cong., 1st Sess., pp. 1352, 1356–1359 (1967); 113 Cong.Rec. 14093, 14095, 16434 (1967).

L.Ed. 1375, 1382 (1947); Billings v. Truesdell, 321 U.S. 542, 552–553, 64 S.Ct. 737, 88 L.Ed. 917, 923 (1944).

■ The defendant's letter to his local draft board on November 5, 1968, informed the board that he was readmitted to college in 1967 and that during the 1967–68 school year his grades were "consistently in the 'B' range". The certificates of the Registrar of Monterey Peninsula College verified that on November 29, 1967 and September 30, 1968, defendant was "satisfactorily pursuing a full-time course of instruction." Thus, the defendant made a *prima facie* case that after July 1, 1967, he was making the "satisfactory progress" required by the Regulation, as prospectively construed. Since there is no evidence in the defendant's Selective Service file to rebut this *prima facie* showing of entitlement to a student deferment, the defendant was wrongfully classified I–A on October 7, 1968 and his subsequent order to report for induction on April 17, 1969, was unlawful.

Therefore, defendant Canepa's motion for judgment of acquittal is hereby granted.